```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
KEVIN SOSA, on behalf of himself and
all others similarly situated,

                    Plaintiff,

        -against-                                   MEMORANDUM AND ORDER
                                                    Case No. 13-CV-4825 (FB) (VMS)
DANTECH SERVICES, INC.;
BOXOFROX, INC; DANIIL
VINOGRADOV, an individual,

                    Defendant.
--------------------------------------------------x
```

*Appearances*

For the Plaintiff:  
SAMUEL VEYTSMAN, ESQ.  
Borrelli & Associates, PLLC  
1010 Northern Boulevard, Suite 328  
Great Neck, New York 11021

For the Defendants:  
JAMES F. WOODS, ESQ.  
Woods Lonergan LLP  
280 Madison Avenue, Suite 300  
New York, New York 10016

**BLOCK, Senior District Judge:**

The parties to this wage-and-hour action have reached a settlement. Insofar as the action was based on the Fair Labor Standards Act ("FLSA"), their settlement requires the Court's approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The Second Circuit has not set out a standard for such approval, but district courts generally ask whether, considering the totality of the circumstances, "the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an

employer's overreaching." *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d. 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

The circumstances here suggest a fair and reasonable compromise. The number of hours the named plaintiff and four opt-in plaintiffs worked is disputed, and the plaintiffs' calculations are based on their own, imprecise recollections. The defendants have nevertheless agreed to pay $31,877.84, which is approximately 97% of the amount owed using the plaintiffs' estimates. Although the amount does not include liquidated damages, the defendants have a strong claim they had a good-faith belief that their wage payments conformed to the FLSA. *See* 29 U.S.C. § 260 (authorizing reduction or elimination of liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith"). Thus, the settlement falls at the high end of the plaintiffs' "range of possible recovery," while still allowing the parties to "avoid anticipated burdens and expenses in establishing their respective claims and defenses," as well as the risks inherent in litigation. *Wolinsky*, 900 F. Supp. 2d at 335 (internal quotation marks omitted).

Moreover, the settlement appears to be the product of "arm's-length bargaining between experienced counsel," with no evidence of "fraud or collusion." *Id.* (internal quotation marks omitted). The settlement includes $1,455.49 for costs and $16,666.67 (one-third of the total payment of $50,000) for attorney's fees. A one-third

2

contingency fee is typical in FLSA cases, *see Kochilas v. National Merchant Servs.*, 2015 WL 5821631, at *8 (E.D.N.Y. Oct. 2, 2015) (collecting cases), and only a fraction of what plaintiffs' counsel would be entitled to under the lodestar method.

Finally, the settlement lacks any of the dubious provisions that have led courts to withhold their approval. *See, e.g., Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177-81 (S.D.N.Y. 2015) (rejecting settlement agreement containing "a battery of highly restrictive confidentiality provisions" and a release of "any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues"). There is no confidentiality clause and the release is limited to extant wage-and-hour claims.

For these reasons, the Court approves the settlement as fair and reasonable. The complaint is dismissed with prejudice and the Clerk is directed to close the case.

**SO ORDERED.**

/S/ Frederic Block\
FREDERIC BLOCK\
Senior United States District Judge

June 30, 2016\
Brooklyn, New York